**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **WAYNE RAYMOND HASTON,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    CIV-07-1130-R |
| | ) |
| **JUSTIN JONES, Director of the** | ) |
| **Oklahoma Department of Corrections** | ) |
| | ) |
|     **Respondent.** | ) |

## <u>O R D E R</u>

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for preliminary review. On April 23, 2008, Judge Bacharach issued a Report and Recommendation, wherein he recommended that the petition be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

Petitioner challenges his conviction for first-degree manslaughter for a homicide caused by the commission of a misdemeanor, driving under the influence of alcohol. Petitioner challenge the jury instructions and counsel's performance, asserting that errors in both render his conviction unconstitutional. Having conducted its *de novo* review, the Court concludes that Petitioner has failed to establish that the decision of the Oklahoma Court of

Criminal Appeals was contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

With regard to Petitioner's contention that the jury instructions were erroneous because they instructed the jurors that they could find Petitioner guilty if either his blood alcohol level exceeded a certain point or if he was under the influence of marijuana, the Court concludes there was no constitutional error. Even if the evidence was insufficient to support a conviction based on the presence of marijuana in Petitioner's system, he is not entitled to habeas corpus relief. *See e.g. Tillman v. Cook*, 25 F.Supp.2d 1245 (D.Utah 1998). As such, introduction of the testimony regarding the marijuana did not violate Petitioner's constitutional rights, and his trial counsel was not constitutionally ineffective in failing to object to either the testimony or to the offending jury instruction.

For the reasons set forth herein, the Report and Recommendation is ADOPTED in its entirety. The Petition is hereby DENIED and judgment shall be entered accordingly.

IT IS SO ORDERED this 17th day of June 2008.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE